THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SEBASTIÁN RUIZ GONZÁLEZ, Defendant and Appellant.

No. 9821. Argued February 23, 1943.—Decided March 1, 1943.

*Gaspar Gerena Brás* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Appellant was accused of the crime of violating §77 of the Spirits and Alcoholic Beverages Act approved June 30, 1936 (Act No. 6, Spec. Sess. Laws, p. 44), consisting in that on March 21, 1940 "he carried on his person a glass container containing about four liters of cane rum, which is an intoxicating beverage of illegal manufacture, without having attached to said container Internal Revenue Stamps showing that he paid the corresponding excise taxes . . . " Convicted and sentenced to the penalty of one month in jail by the District Court of Arecibo, the accused felt aggrieved and filed the present appeal. The appeal is based on four assignments of error, which may be considered jointly because only one question is involved in them.

The facts of the case, briefly, are as follows:

The original complaint filed in the Municipal Court of Utuado was dismissed on April 15, 1941, because it was alleged in that court that the case had been administratively decided by the Department of Finance. On January 7, 1942, the Attorney General of Puerto Rico filed a motion before the same municipal court praying that the case be reinstated against the appellant, alleging that as a result of a mistake of an employee of the office of Internal Revenue, the stamps corresponding to a penalty imposed in Administrative Case No. B-31411 prosecuted against Jerónimo González García, were attached to case No. B-30780 prosecuted against Sebastián Ruiz González, the appellant herein, the corresponding receipt having been issued in his favor; that the administrative penalty of $20 in case No. B-30780 has never been paid by appellant, but it was made to appear that it had been paid by using the receipt erroneously issued in his name; and it was on the basis of that error that the dismissal of the complaint was ordered. Appellant objected to the reinstatement of the case, alleging: (a) that the court

was without jurisdiction over the person of the accused, and (*b*) lacked power to annul the order of dismissal. On February 3, 1942, the municipal court issued an order reinstating the case.

At the trial in the district court, the accused accepted the facts alleged in the complaint as being true. We have, therefore, to consider and decide a single question of law. Does a municipal court have the power to annul an order of dismissal of a complaint pending before it and to order that the complaint be reinstated and the case be tried?

As a general rule the unconditional dismissal of a complaint or information at the request of the district attorney, has the legal effect of ending the proceeding under such complaint or information; neither one nor the other may be reinstated in order to continue the proceedings in accordance with them. This rule is applicable even when the dismissal is based entirely on an error committed by the district attorney. There are authorities which hold that the proceeding may be annulled in a subsequent term and that the proceeding may be continued on the basis of the same complaint or information. Many of these decisions, however, are characterized by circumstances or special considerations which may have affected the rule adopted in the case. Numerous other authorities uphold the rule that a complaint or information may be reinstated within the same term that its dismissal was ordered, inasmuch as the order of dismissal is under the control of a court during that term. 27 Am. Jur., *Indictments and Informations*, §22, pp. 600, 601; 112 L.R.A. 389, 390.

There exist in the case at bar special facts and circumstances which we must not ignore but on the contrary must take into consideration in order to determine the applicable rule. The complaint was not dismissed on the petition of the district attorney. The appellant himself, in his brief, describes what happened in the following terms:

"On April 15, 1941, Attorney Emilio E. Franco being Municipal Judge of Humacao, the accused appeared in court and upon the case being called for trial, he introduced in evidence a certificate issued by the Treasurer of Puerto Rico which stated that the accused Sebastián Ruiz González had paid the administrative penalty imposed by the Treasurer. In view of that evidence the Municipal Judge of Utuado dismissed the complaint and discharged said accused Sebastián Ruiz González."

What we have transcribed is enough to convince us that the dismissal of the complaint was not based on an error committed by the Treasurer or by the district attorney, but was due to the false and fraudulent allegations of the accused, knowingly made, because no one could know better than the accused himself that it was not true that he had paid the administrative penalty which had been imposed upon him, and, consequently, that he had no right to ask that the case be dismissed on said grounds. Having been based on the accused's fraud, the order of dismissal was void *ab initio* and never had any legal existence; and the order of February 3, 1942, ordering the reinstatement of the case, is simply declaratory of the nullity and nonexistence of the order of dismissal. The case had not been placed, outside the jurisdiction of the lower court and the latter retained absolute control over the dismissal order, with the power to reconsider it, modify it, or annul it, *motu proprio* or on motion by the district attorney. 24 C.J.S. 116, §1588; *People v. Carbone,* 59 P.R.R. 608.

Also, appellant is not right in complaining that the trial was not held within the statutory term of 120 days (§440 Code of Criminal Procedure). The delay was caused solely and exclusively by appellant's own fraud. And it is an elementary principle of law that a person may not be permitted to benefit from his own fraud.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús did not participate herein.